# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PATRICK SWEDLOW, | Case No.  1:22-cv-00011-JLT-SKO |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| DEPARTMENT OF THE TREASURY and INTERNAL REVENUE SERVICE, | (Doc. 1) |
| Defendants. | THIRTY DAY DEADLINE |

Scott Patrick Swedlow ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed this action against the Department of Treasury and Internal Revenue Service ("IRS") on January 3, 2022.  (Doc. 1.)  Upon review, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed.  Plaintiff may file an amended complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order.  If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

1    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

2    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

3    "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

4    "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

5    1915(e)(2)(B).

6         A complaint must contain "a short and plain statement of the claim showing that the pleader

7    is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

8    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9    statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*

10   *v. Twombly*, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant

11   personally participated in the deprivation of Plaintiff's rights.  *Jones v. Williams*, 297 F.3d 930,

12   934 (9th Cir. 2002).

13        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

14   liberally construed and to have any doubt resolved in their favor.  *Wilhelm v. Rotman*, 680 F.3d

15   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

16   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

17   that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678-79; *Moss*

18   *v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has

19   acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

20   liability" falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d

21   at 969.

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

23        Plaintiff alleges that as of September 15, 2021, he filed for stimulus payments but has not

24   received any payments.  (Doc. 1 at 4.)  Plaintiff also alleges that the fact that he receives no pay

25   for his work at the prison violates his "13th Amendment of [sic] slavery" and is an "8th

26   Amendment violation for cruel and unusual punishment," and that he is receiving "harsh

27   treatment" due to "basic necessities" being scarce through the prison because of the COVID-19

28   pandemic.  (*Id.* at 5.)  Plaintiff brings this action seeking payment of between $3,000.00 and

1  $3,200.00 in stimulus payments and $1,000.00 in damages due to "inhumane treatment" while in

2  prison.  (*Id*. at 5, 7.)

### III.        DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any

cognizable claims.  Plaintiff will be provided with the legal standards that appear to apply to his

claims and will be granted an opportunity to file an amended complaint to correct the identified

deficiencies.

### A.        CARES Act

The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), codified in

part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for

the IRS to issue economic impact payments ("EIPs") to eligible individuals in the form of a tax

credit.  *Scholl v. Mnuchin* (*Scholl I),* 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), *appeal*

*dismissed*, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020).  Under § 6428(a), eligible

individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus

$500 multiplied by the number of qualifying children.  *Scholl I*, 489 F. Supp. 3d at 1020 (citing 26

U.S.C. § 6424(a)).  This amount is credited against the individual's federal income tax for the year

2020.  *Id*.  For purposes of the CARES Act, an eligible individual is defined as "any individual"

other than (1) a nonresident alien individual, (2) an individual who is allowed as a dependent

deduction on another taxpayer's return, or (3) an estate or trust.  *Id*. at 1021 (citing 26 U.S.C. §

6424(d)).

The CARES Act provides that "each individual who was an eligible individual for such

individual's first taxable year beginning in 2019 shall be treated as having made a payment against

the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund

amount for such taxable year."  *Id*. (quoting 26 U.S.C. § 6428(f)(1)).  Therefore, the Act provides

that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated

Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an

advance refund of the tax credit."  *Id*.  Congress provided that "[n]o refund or credit shall be made

or allowed under this subsection after December 31, 2020."  26 U.S.C. § 6428(f)(3)(A).

The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit, then the amount of the credit is reduced by the aggregate amount of the refund.  26 U.S.C. § 6428(e).  Finally, the CARES Act delegates to the Secretary of the Treasury the authority to "prescribe such regulations or other guidance as may be necessary to carry out the purposes of this section, including any such measures as are deemed appropriate to avoid allowing multiple credits or rebates to a taxpayer." 26 U.S.C. § 6428(h).

### 1.   The *Scholl* Class

In *Scholl I*, the district court preliminarily certified the following class:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

*Scholl I*, 489 F. Supp. 3d at 1047.  In *Scholl v. Mnuchin* (*Scholl II*), 494 F. Supp. 3d 661 (N.D. Cal. 2020), the court granted final certification of this class and entered the following declaratory relief:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated.  The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

4

*Scholl II*, 494 F. Supp. 3d at 692.  A permanent injunction was entered, and defendants were to reconsider EIPs that were denied solely due to an individual's incarcerated status.  *Id*. at 692–93.  With respect to specific payments the court stated:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments.  Indeed, the court's [Federal Rule of Civil Procedure] 23(b)(2) finding was premised on the "indivisible nature of the injunctive or declaratory remedy warranted" but not "an individualized award of monetary damages."  Dkt. 50 at 42 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61, 131 S. Ct. 2541, 180 L.Ed. 2d 374 (2011)).  The court's determination in this order is that the IRS's action was "arbitrary, capricious, . . . or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action.  5 U.S.C. § 706(2).  It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

*Id.* at 691.

### 2.      Jurisdiction Under 28 U.S.C. § 1346(a)

Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court for refund of taxes.  28 U.S.C. § 1346(a)(1).  However, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."  26 U.S.C. § 7422(a).

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS.  *U.S. v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008); *Omohundro v. U.S.*, 300 F.3d 1065, 1066 (9th Cir. 2002); *see* 26 U.S.C. § 7422(a) (2002).  Furthermore, to overcome sovereign immunity in a tax refund action, the taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code.  *N. Life Ins. Co. v. U.S.*, 685 F.2d 277, 279 (9th Cir. 1982) ("The filing of a timely claim is jurisdictional for a refund suit and cannot

1    be waived.").[1]  Thus, "[a] taxpayer's failure to file an administrative claim within the time periods

2    imposed by statute divests the district court of jurisdiction over an action for a refund or credit."

3    *Omohundro*, 300 F.3d at 1066–67; *Danoff v. U.S.*, 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004).

4    **3.  Analysis**

5       Plaintiff is currently incarcerated and alleges the IRS has not provided the EIPs owed to

6    him under the CARES Act.  (Doc. 1 at 4.)  For relief, he asks the Court to require the IRS to

7    provide him all remaining EIPs.  (*Id.* at 7.)  To the extent Plaintiff suggests the IRS withheld his

8    refund solely because of his incarcerated status, "he is already part of the *Scholl* class; therefore,

9    he is not entitled to separate individual relief."  *Calderon v. Mnuchin*, No. 2:21-CV-0358 DB P,

10    2021 WL 4123635, at *3 (E.D. Cal. Sept. 9, 2021) (quoting *Vaughan v. U.S. Dep't of Treasury*,

11    No. 21-cv-5674-PJH, 2021 WL 3373280 at *3 (N.D. Cal. Aug. 3, 2021)).

12       Regardless, Plaintiff cannot establish he is entitled to the relief he seeks pursuant to the

13    CARES Act.  As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPs

14    to be made or allowed.  26 U.S.C. § 6428(f)(3)(A).  That deadline passed well before Plaintiff

15    initiated this case on January 3, 2022, and no more funds may be issued.  Any tax rebate for which

16    Plaintiff may be eligible must be requested through his tax return, as it is the responsibility of the

17    IRS, not the Court, to make determinations on rebate or credit eligibility.  26 U.S.C. §

18    6428(f)(3)(B); *Scholl I*, 489 F. Supp. 3d at 1021 n1.

19       Plaintiff's complaint also suffers from jurisdictional defects.  He alleges that he has "filed

20    for stimulus" (Doc. 1 at 4) and attaches to his complaint a completed Form 1040, but has not

21    received his refund and is seeking monetary relief.  To bring a suit against the Government to seek

22    his tax refund, Plaintiff was required to file an administrative claim with the IRS.  While Plaintiff

23    has alleged that he filed his tax return, he has failed to allege that he filed an administrative claim

24    as required by section 6511 to confer this court with jurisdiction over his claims related to the tax

25    returns.  *See* 26 U.S.C. § 6532(a)(1).[2]  Therefore, the Court lacks jurisdiction over the matter as

---

[1] The IRS regulations require that the administrative claim must be filed: "within 3 years from the time the return was
filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed
by the taxpayer, within 2 years from the time the tax was paid."  26 U.S.C. § 6511(a).

[2] Section 6532 provides: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax,
penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under

1    currently pleaded.

2        **B.      Section 1983**

3        To the extent Plaintiff intends to assert a civil rights claim (*see* Doc. 1 at 1), 42 U.S.C. §

4    1983 ("Section 1983"), known as the Civil Rights Act, provides:

5            Every person who, under color of any statute, ordinance, regulation,
             custom, or usage, of any State or Territory or the District of Columbia,
6            subjects, or causes to be subjected, any citizen of the United States or
             other person within the jurisdiction thereof to the deprivation of any
7            rights, privileges, or immunities secured by the Constitution and laws,
             shall be liable to the party injured in an action at law, suit in equity, or
8            other proper proceeding for redress . . . .
9

10   42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides

11   'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386,

12   393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v.*

13   *Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d

14   1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v.*

15   *Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

16       To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted

17   under color of state law, and (2) deprived him of rights secured by the Constitution or federal law.

18   *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of*

19   *San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person

20   deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative

21   act, participates in another's affirmative act, or omits to perform an act which he is legally required

22   to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch.*

23   *Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

24   Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion

25   a 'series of acts by others which the actor knows or reasonably should know would cause others

26

27   ──────────────
     such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from
     the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance
28   of the part of the claim to which the suit or proceeding relates."

to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must also demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of *respondeat superior*; therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under Section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### 1.    "Slavery"

Plaintiff alleges that his unpaid prison work assignment, which he describes as "being educated about addiction," constitutes "slavery" in violation of the Eighth and Thirteenth

Amendments.  (*See* Doc. 1 at 4, 5.)  To begin with, the named defendants, the Department of Treasury and Internal Revenue Service, are not the proper defendants for claims involving Plaintiff's conditions of confinement.  But even if the correct defendant(s) were named, Plaintiff has failed to state cognizable claims.

Prisoners who are duly tried, convicted and sentenced for the commission of a crime have no federally protected right not to work, since the Thirteenth Amendment does not protect against involuntary servitude where one is convicted of a crime.  *See Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963).  The Thirteenth Amendment also "does not apply where prisoners are required to work in accordance with prison rules."  *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994).  Similarly, Plaintiff has failed to state an Eighth Amendment claim.  The Eighth Amendment's prohibition on cruel and unusual punishment does not prohibit prison officials from requiring an inmate to perform physical labor unless the labor is beyond their strength, endangers their lives or health, or causes undue pain.  *Id*.

Plaintiff has alleged no facts showing any possibility of a violation of either the Eighth or Thirteenth Amendments based on his prison work assignment.

### 2.   "Lack of Basic Necessities"

Plaintiff further alleges that he is subject to "inhumane treatment" due to a "lack of basic necessities" that are scarce in prison due to the COVID-19 pandemic.  (Doc. 1 at 5.)  While not specified, and while not asserted against the proper defendant(s), the Court construes Plaintiff's claim as brought under the Eighth Amendment.

While the Eighth Amendment does not mandate that prisons be comfortable, they cannot be inhumane. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  To that end, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted).

To state an Eighth Amendment claim with regard to prison conditions, a prisoner must satisfy both an objective prong and a subjective one.  *Id*. at 834.  First, the plaintiff must make an

1    objective showing that the deprivation was "sufficiently serious" and resulted in the denial of the

2    "minimal civilized measure of life's necessities."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)

3    (quoting *Rhodes*, 452 U.S. at 347).  Second, the plaintiff must adequately allege a prison official

4    subjectively had a "sufficiently culpable statement of mind" by showing he or she was

5    "deliberately indifferent" to the inmate's health or safety in allowing the deprivation to take place.

6    *Farmer*, 511 U.S. at 834; *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016).

7    Finally, plaintiffs alleging deliberate indifference must also "demonstrate that the defendants'

8    actions were both an actual and proximate cause of their injuries."  *Lemire v. Cal. Dep't Corr. &*

9    *Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013).

10        In view of these legal standards, Plaintiff has not sufficiently alleged a violation of the

11   Eighth Amendment related to his prison conditions.

12       **C.      Leave to Amend**

13        The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable

14   claims.

15        Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give

16   leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with

17   time to file an amended complaint, so Plaintiff can provide additional factual allegations.  *Lopez*

18   *v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  *See, e.g., Blankenship v. Dep't of the Treasury,*

19   *Internal Revenue Serv*., No. 1:21-cv-00581-NONE-SAB, 2021 WL 1907561, at *3 (E.D. Cal. May

20   12, 2021) (granting leave to amend in case seeking court intervention in obtaining state prisoner's

21   EIP pursuant to the CARES Act).

22        Plaintiff is granted leave to file an amended complaint within thirty days.  If Plaintiff

23   chooses to amend his complaint, in his amended complaint he must state what each named

24   defendant did that led to the deprivation of his constitutional or other federal rights.  Fed. R. Civ.

25   P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff

26   should note that although he has been given the opportunity to amend, it is not for the purpose of

27   changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607

28   (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, E.D. Cal. Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claims.  If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

## IV.      ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a.      File an amended complaint; or

    b.      Notify the Court in writing that he wants to stand on this complaint;

2.      If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:22-cv-00011-JLT-SKO; and

3.      Failure to comply with this order may result in the dismissal of this action

IT IS SO ORDERED.

Dated:   **March 4, 2022**                            */s/ Sheila K. Oberto*

                                      UNITED STATES MAGISTRATE JUDGE