# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PATRICK SWEDLOW,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE TREASURY and INTERNAL REVENUE SERVICE,<br><br>    Defendants. | Case No. 1:22-cv-00011-JLT-SKO<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT<br><br>(Doc. 9)<br><br>TWENTY-ONE DAY DEADLINE |

Scott Patrick Swedlow ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed this action against the Department of Treasury and Internal Revenue Service ("IRS") on January 3, 2022.  (Doc. 1.)  On March 7, 2022, the undersigned screened Plaintiff's complaint and found that it failed to state any cognizable claims.  (Doc. 8.)  Plaintiff was granted thirty days to file an amended complaint to cure the identified deficiencies.  (*See id*.)  On March 23, 2022, Plaintiff filed his first amended complaint.  (Doc. 9.)

The first amended complaint is now before this Court for screening.  Having considered the first amended complaint, as well as the Court's file, the Court issues the following screening order and findings and recommendations recommending that the first amended complaint be dismissed without leave to amend, for lack of jurisdiction, and that this action be dismissed.

1

**I.       SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.      SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges that he filed for a stimulus payment but has not received the payment to which he is entitled. (Doc. 9 at 2.) He requests that the Court order the IRS to remit his stimulus payment in the amount of $3,208.60 in the form of a check, as opposed to a "debit card," which

he alleges "CDCR and many other correctional institutions are unable to process on behalf of incarcerated individuals. (*Id*.)

### III. DISCUSSION

#### A. CARES Act

The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for the IRS to issue economic impact payments ("EIPs") to eligible individuals in the form of a tax credit. *Scholl v. Mnuchin* (*Scholl I*), 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed*, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Under § 6428(a), eligible individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. *Scholl I*, 489 F. Supp. 3d at 1020 (citing 26 U.S.C. § 6424(a)). This amount is credited against the individual's federal income tax for the year 2020. *Id*. For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust. *Id*. at 1021 (citing 26 U.S.C. § 6424(d)). Incarcerated persons are "eligible individuals" to receive EIPs under the CARES Act. *Scholl v. Mnuchin (Scholl II)*, 494 F. Supp. 3d 661, 689 (N.D. Cal. 2020)

The CARES Act provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Id*. (quoting 26 U.S.C. § 6428(f)(1)). Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Id*. Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit, then the amount of the credit is reduced by the aggregate amount of the refund. 26 U.S.C. § 6428(e). Finally, the

3

CARES Act delegates to the Secretary of the Treasury the authority to "prescribe such regulations or other guidance as may be necessary to carry out the purposes of this section, including any such measures as are deemed appropriate to avoid allowing multiple credits or rebates to a taxpayer." 26 U.S.C. § 6428(h).

### B. Jurisdiction Under 28 U.S.C. § 1346(a)

Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court for refund of taxes. 28 U.S.C. § 1346(a)(1). However, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. *U.S. v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008); *Omohundro v. U.S.*, 300 F.3d 1065, 1066 (9th Cir. 2002); *see* 26 U.S.C. § 7422(a) (2002). Furthermore, to overcome sovereign immunity in a tax refund action, the taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code. *N. Life Ins. Co. v. U.S.*, 685 F.2d 277, 279 (9th Cir. 1982) ("The filing of a timely claim is jurisdictional for a refund suit and cannot be waived.").[1] Thus, "[a] taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit." *Omohundro*, 300 F.3d at 1066–67; *Danoff v. U.S.*, 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004).

### C. Analysis

Plaintiff is currently incarcerated and alleges the IRS has not provided $3,208.60 in EIPs owed to him under the CARES Act, despite having filed a Form 1040. (Doc. 9 at 2.) For relief, he requests that the Court order the IRS to remit his stimulus payment in the form of a check, as

---

[1] The IRS regulations require that the administrative claim must be filed: "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a).

opposed to a "debit card," which he alleges "CDCR and many other correctional institutions are unable to process on behalf of incarcerated individuals. (*Id.*)

First, Plaintiff cannot establish he is entitled to the relief he seeks pursuant to the CARES Act. As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed. 26 U.S.C. § 6428(f)(3)(A). That deadline passed well before Plaintiff initiated this case on January 3, 2022, and no more funds may be issued. Any tax rebate for which Plaintiff may be eligible must be requested through his tax return, as it is the responsibility of the IRS, not the Court, to make determinations on rebate or credit eligibility. 26 U.S.C. § 6428(f)(3)(B); *Scholl I*, 489 F. Supp. 3d at 1021 n1.

Furthermore, the Court finds that Plaintiff has not cured the previously identified pleading defects with respect to jurisdiction. As previously noted, to bring a suit against the Government for his tax refund, Plaintiff was required to file an administrative claim with the IRS. 26 U.S.C. § 7422(a). This requirement applies without regard to the form of payment of the tax refund Plaintiff seeks. Here, Plaintiff pleads no facts in his first amended complaint showing that he met this requirement. Therefore, the Court lacks jurisdiction over the matter. *See* 26 U.S.C. § 6532(a)(1).[2]

Because Plaintiff was granted an opportunity to amend but appears unable to cure the previously identified pleading defects, the undersigned recommends Plaintiff's first amended complaint be dismissed without leave to amend and that this action be dismissed. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment."); *see also Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (holding the court's discretion to deny leave to amend is "particularly broad" where the plaintiff has previously amended his complaint).

---

[2] Section 6532 provides: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

### IV. RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint (Doc. 9) be DISMISSED, without leave to amend, for lack of jurisdiction; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty-one (21)** days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 4, 2022**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE